[Cite as *Pulled From The Pits Rescue & Sanctuary v. Dabernig*, 2016-Ohio-7255.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

PULLED FROM THE PITS RESCUE &
SANCTUARY, et al.

      Appellees

      v.

JAMI DABERNIG

      Appellant

C.A. No.     15AP0061

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2014 CVH 0808

DECISION AND JOURNAL ENTRY

Dated: October 11, 2016

HENSAL, Judge.

**{¶1}** Defendant-Appellant, Jami Dabernig, appeals from a judgment of the Wayne County Municipal Court, overruling her objections to the magistrate's decision and granting judgment in favor of Plaintiffs-Appellees, Pulled from the Pits Rescue & Sanctuary and Crystal Miller. This Court affirms.

I.

**{¶2}** This appeal involves a dispute over the ownership of certain rescue dogs. Pulled from the Pits Rescue & Sanctuary ("Pulled from the Pits") filed a complaint against Jami Dabernig, asserting a number of causes of actions including breach of contract and replevin. The basis of Pulled from the Pits' complaint was that it provided a number of rescue dogs to Ms. Dabernig with the understanding that Ms. Dabernig would temporarily "foster" the dogs until Pulled from the Pits found each dog a permanent home. After determining that Ms. Dabernig was not properly caring for the dogs, Pulled from the Pits sought to regain possession of them.

Ms. Dabernig refused, and the underlying lawsuit followed. Crystal Miller,[1] who operates Pet Lover's Dog Rescue, filed a similar action against Ms. Dabernig concerning other dogs, and the trial court consolidated the two actions. The case proceeded to a bench trial before a magistrate.

{¶3} By the time of trial, all but seven dogs had been returned to either Pulled from the Pits or Ms. Miller. At the conclusion of trial, the magistrate ordered Ms. Dabernig to immediately return the remaining dogs. Ms. Dabernig filed objections to the magistrate's decision, which the trial court denied. The trial court adopted the magistrate's decision and this appeal followed. Ms. Dabernig now raises seven assignments of error for our review. For ease of consideration, we have combined some of Ms. Dabernig's assignments of error.

II.

ASSIGNMENT OF ERROR I

THE COURT OF COMMON PLEAS VIOLATED APPELLANT JAMI DABERNIG'S DUE PROCESS CONSTITUTIONAL RIGHTS (SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT AND THE FOURTH AND FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION) WHEN IT FAILED TO FOLLOW THE REQUIRED MANDATES OF OHIO RULES OF CIVIL PROCEDURE AND OHIO REVISED CODE CHAPTER 2737.

ASSIGNMENT OF ERROR II

THE COURT OF COMMON PLEAS COMMITTED ERR[OR] AND ABUSED ITS DISCRETION WHEN [IT] REMOVED PROPERTY FROM APPELLANT JAMI DABERNIG WITHOUT FOLLOWING THE MANDATES OF OHIO RULES OF CIVIL PROCEDURE AND OHIO REVISED CODE CHAPTER 2737.

ASSIGNMENT OF ERROR III

THE COURT OF COMMON PLEAS ERRED AND ABUSED ITS DISCRETION WHEN ITS MARCH 19, 2015[,] MAGISTRATE'S PROPOSED DECISION[] "MADE A PART HEREOF" THE MARCH 10, 2015[,] ORDER.

---

[1] Ms. Miller is not a party to this appeal.

ASSIGNMENT OF ERROR IV

THE COURT OF COMMON PLEAS ERRED AND ABUSED ITS DISCRETION BY ADOPTING THE MARCH 10, 2015[,] []MAGISTRATE'S ORDER – REPLEVIN AND THE MARCH 19, 2015[,] MAGISTRATE'S PROPOSED DECISION[] IN ITS OCTOBER 22, 2015[,] JUDGMENT ENTRY.

ASSIGNMENT OF ERROR V

THE COURT OF COMMON PLEAS ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT DABERNIG'S EMERGENCY MOTION TO POST BOND AND DENIED HER EMERGENCY MOTION FOR RETURN OF PROPERTY.

{¶4} Initially, we note that Ms. Dabernig's merit brief does not contain separate arguments for each assignment of error. Rather, Ms. Dabernig's merit brief combines her first five assignments of error and presents several separate arguments therein. While this Court is authorized to disregard those assignments of error on that basis, we, nevertheless, will exercise our discretion to consider Ms. Dabernig's arguments. App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief[.]"); *In re C.R.*, 9th Dist. Summit No. 25211, 2010-Ohio-2737, ¶ 43 ("App. R. 12(A)(2) provides that an appellate court has the discretion to disregard any error not separately assigned and argued[.]").

{¶5} Ms. Dabernig raises several arguments in her first five assignments of error, including: (1) the trial court erred because the order of possession for the dogs was based upon evidence presented at the bench trial, as opposed to evidence presented at the hearings on the motion for an order of possession, thus violating Revised Code Section 2737.07; (2) the trial court violated Ms. Dabernig's constitutional rights by seizing her property without due process of law; (3) the trial court violated Ms. Dabernig's constitutional rights because the levying officer did not serve her with the order of possession; (4) the order of possession was ineffective

because Plaintiffs-Appellees never posted bond as required under Section 2737.10; (5) the order of possession was ineffective because Ms. Dabernig was never informed that she could post bond as set forth in Section 2737.08(B); (6) the magistrate lacked authority to order the dogs to be immediately removed from Ms. Dabernig's possession because such an order must first be adopted by the trial court; and, relatedly, (7) the trial court erred by subsequently adopting the magistrate's decision, which the magistrate had no authority to issue.

{¶6} This Court, however, need not address the merits of Ms. Dabernig's first five assignments of error because she failed to raise the issues contained therein in her objections to the magistrate's decision.[2] Civil Rule 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion[.]" As this Court has stated, "[t]he failure to raise [a] matter before the trial court deprive[s] the court of an opportunity to correct any errors and forfeits the right to challenge those issues on appeal." *Ilg v. Ilg*, 9th Dist. Summit No. 23987, 2008-Ohio-6792, ¶ 6. Accordingly, Ms. Dabernig's first, second, third, fourth, and fifth assignments of error are overruled.

ASSIGNMENT OF ERROR VI

THE COURT OF COMMON PLEAS ERRED AND ABUSED ITS DISCRETION WHEN IT ENTERED AN INCOMPLETE JUDGMENT, OCTOBER 22, 2015[,] JUDGMENT ENTRY, WHICH FAILED TO DISPOSE OF ALL THE CLAIMS OF ALL THE PARTIES.

{¶7} In her sixth assignment of error, Ms. Dabernig argues that the trial court abused its discretion by entering an incomplete judgment that failed to dispose of Crystal Miller's claims. The argument in support of Ms. Dabernig's assignment of error, however, is three

---

[2] While Ms. Dabernig did raise a due process argument in her objections to the magistrate's decision, she has raised a different due process argument on appeal.

sentences long and does not contain a single citation to any authority or statute. *See* App.R. 16(A)(7) (requiring an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."). As this Court has stated, "[i]t is not the function of this court to construct a foundation for a party's claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996). Because Ms. Dabernig has failed to develop an argument in support of her assignment or error, we decline to address it. *Wrinch v. Miller*, 183 Ohio App.3d 445, 2009-Ohio-3862, ¶ 45 (declining to address an undeveloped argument that lacked citations to any legal authority). Ms. Dabernig's sixth assignment of error is overruled.

## ASSIGNMENT OF ERROR VII

THE COURT OF COMMON PLEAS ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO COMPLY WITH O.R.C. 2705.05 AND HOLD A CONTEMPT HEARING.

{¶8} In her final assignment of error, Ms. Dabernig argues that the trial court abused its discretion by denying her motion to show cause without holding a contempt hearing. In her motion, Ms. Dabernig argued that Pulled from the Pits and Ms. Miller violated the court's order (which instructed them to maintain ownership of the dogs until further court order) because they had relinquished ownership of some of the dogs.

{¶9} Section 2705.03 governs contempt hearings and provides that the accused must be given the opportunity to be heard. Similarly, Section 2705.05(A) provides that "[a]t the hearing, the court shall investigate the charge and hear any answer or testimony that the *accused* makes or offers and shall determine whether the accused is guilty of the contempt charge." (Emphasis

added.) While Section 2705.05(A) further states that the court shall conduct a hearing in all contempt proceedings, this Court has interpreted Chapter 2705 to afford the accused, not the accuser, the opportunity to be heard. *State v. Bozsik*, 9th Dist. Medina No. 03CA0141-M, 2004-Ohio-4947, ¶ 9 ("By express statutory provision and fundamental due process protection, an *accused* must be afforded a hearing under such circumstances.") (Emphasis original.); *see also Ohio Patrolmen's Benevolent Assn. v. Cuyahoga Cty. Sheriff*, 8th Dist. Cuyahoga No. 79391, 2001 WL 1612109, *4 (Dec. 13, 2001) (addressing Section 2705.05 and stating that "the statute contemplates that the trial court hear testimony from the defendant.").

{¶10} Here, the accuser (Ms. Dabernig), not the accused (Plaintiffs-Appellees), is arguing that the trial court erred by not conducting a hearing. Ms. Dabernig, however, has cited no authority for the proposition that the accuser must be afforded the opportunity to be heard. This Court has rejected a similar argument, noting that "Appellant points to no authority, and we find none, that provides the accuser with a due process right to be heard on his contempt charges and accusations." *Bozsik* at ¶ 10. Accordingly, Ms. Dabernig's seventh assignment of error is overruled.

III.

{¶11} Defendant-Appellant Jami Dabernig's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

MICHELA HUTH, Attorney at Law, for Appellant.

DANAMARIE K. PANNELLA, Attorney at Law, for Appellee.